UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARK T. SMITH,

        Claimant,

                                    Case No. 26-cv-757-pp

   v.

FRANK J. BISIGNANO,

        Commissioner.

**ORDER GRANTING CLAIMANT'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT (DKT. NO. 1)**

On April 29, 2026, the claimant, who is representing himself, filed a Complaint for Review of a Final Decision by the Commissioner of the Social Security Administration. Dkt. No. 1. Along with his complaint, the claimant filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. This order grants the motion to proceed without prepaying the filing fee and screens the complaint.

**I.    Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

To allow the claimant to proceed without prepaying the filing fee, the court first must decide whether the claimant can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The claimant's request indicates that he is not employed and has no income. Dkt. No. 2 at 2. He states that he is not married and has no dependents. Id. at 1.

1

The claimant reports no expenses or assets. Id. at 2–4. In the "Other Circumstances" section, the claimant wrote: "Sense my release from I had no income, and have been homeless ever sense. And when I was receiving these benefits." Id. at 4 (as in original). Based on the information in the request, the court concludes that the claimant does not have the ability to pay the filing fee and will grant his motion.

The claimant should be aware that he still is responsible for paying the filing fee over time. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997); see also Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without ever paying fees.") (emphasis in original). When a court grants a motion allowing a person to proceed without prepaying the filing fee, it means only that the person does not have to pay the full filing fee up front; the person still owes the filing fee and must pay it as he is able.

## II.     Screening of Complaint

### A.     Standard for Screening Complaint

The court next must decide whether the claimant has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats,

2

851 F.3d 714, 720 (7th Cir. 2017) (citing <u>Booker-El v. Superintendent, Ind.</u> <u>State Prison</u>, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic</u> <u>Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556).

B.    <u>Claimant's Allegations</u>

The claimant properly used the Eastern District's form complaint, which contains prewritten allegations relevant to a request for review of a denial of Social Security benefits, such as "I seek review of an unfavorable final decision of the Commissioner of the Social Security Administration under 42 U.S.C. §405(g) and/or 42 U.S.C. §1383(c)(3)." <u>Id.</u> at 3. There are boxes for a claimant to check and blanks in which a claimant may fill in necessary information. <u>Id.</u> at 1–3.

In the "Previous Lawsuits" section, the claimant marked that he has not filed a case related to the same facts in state or federal court. <u>Id.</u> at 2. He also marked the box stating that he has not filed any other case in state or federal court. <u>Id.</u>

3

In the "Statement of Claim" section, the claimant marked that he was seeking Supplemental Security Income (SSI). Id. The claimant did not complete the portion of the form that asks for the dates of a decision from the administrative law judge and a notice or determination from the Appeals Council. Id. at 3. In the portion that asks for additional facts, the claimant wrote: "I was recieving supplemental security income in 2019 before my reincarcertion." Id. (as in original)

C.    Analysis

Federal trial courts have the authority to act as appellate courts—courts of review—for decisions made by the Commissioner of the Social Security Administration. But this federal district court may review only "final" decisions of the Social Security Administration made after a "hearing." See 42 U.S.C. §§405(g), (h). For a decision to be "final," the claimant must complete a multi-step administrative review process. See 20 C.F.R. §404.900; Washington v. Saul, 788 F. App'x 388, 389 (7th Cir. 2019) (citing Smith v. Berryhill, 139 S. Ct. 1765, 1772 (2019); Sims v. Apfel, 530 U.S. 103, 107 (2000)). The steps include (1) obtaining an initial benefit determination by a disability examiner, 20 C.F.R. §416.1402; (2) obtaining a reconsideration determination, 20 C.F.R. §416.1407; (3) participating in a hearing before an administrative law judge, 20 C.F.R. §416.1429; and (4) obtaining review of any adverse decision by the Appeals Council, 20 C.F.R. §416.1467. The Appeals Council's decision, or the decision of the ALJ if the request for review is denied, constitute "final" decisions. 20 C.F.R. §416.1481.

The complaint does not show that the claimant has completed this process—in fact, it tells the court very little about what the claimant is asking this district court to review. The claimant says that before he was incarcerated in 2019, he was receiving SSDI benefits. That implies that at some point before 2019, he applied for and was granted SSDI benefits. The Wisconsin Department of Corrections locator website shows that in November 2020, the claimant was incarcerated; he was released on extended supervision on April 18, 2023. https://appsdoc.wi.gov.lop/details/detail (for "Smith, Mark T.," DOC #00213611).

Perhaps the claimant stopped receiving SSDI benefits during the years that he was incarcerated; the Social Security Administration explains that SSDI benefits "are suspended if an otherwise eligible person is confined in a jail, prison, or other penal institution for more than 30 continuous days due to conviction for a crime." https://www.ssa.gov/reentry/benefits/htm?tl=0. The Administration further explains that once someone is released from custody, that person may contact the Administration at 1-800-772-1213 Monday through Friday between 7:00 a.m. and 7:00 p.m. to schedule an appointment to apply for benefits; it says the person must bring his official prison release documents to any appointment. It also explains that being released from prison does not automatically make someone eligible for benefits. Id.

The claimant does not explain whether, after he was released from prison, he contacted the Social Security Administration to apply for post-release benefits. He does not say whether, if he *did* contact the Administration,

the Commissioner denied him post-release benefits. If he was denied post-release benefits, he does not explain whether he sought review of that decision, or what the outcome of that review was. He has not provided the dates of any decisions by an administrative law judge or the Appeals Council. Without this information, this court cannot determine whether there is a "final" decision with regard to the claimant's benefits that this district court can review. The claimant has not stated a claim upon which this court can grant relief.

The court will give the claimant the opportunity to file an amended complaint. The court is enclosing another copy of its Social Security complaint form. The claimant must use this form when preparing his amended complaint. He must write the case number for this case—26-cv-757—in the space provided and he must write "AMENDED" in front of the word "COMPLAINT" in the middle of the first page of the form. He must include the dates of any adverse decisions from an administrative law judge and the Appeals Council as requested on page three. The amended complaint takes the place of the prior complaint and must be complete by itself. The claimant may not refer the court back to his original complaint. He must repeat in the amended complaint any of the facts from the original complaint that he believes are necessary to his claims. For the amended complaint to state a claim, the claimant must include facts that show that he applied for Social Security benefits and that the Commissioner issued a "final" decision denying those benefits. The claimant also must explain why he believes the Commissioner was wrong to deny him the benefits.

### III.    Conclusion

The court **DETERMINES** that the claimant's complaint does not state a claim.

The court **ORDERS** that if the claimant wishes to proceed with this case, then by the end of the day on **July 10, 2026**, the claimant must file an amended complaint that complies with the instructions in this order. If the claimant does not file an amended complaint by the end of the day on July 10, 2026, the court will dismiss this case without prejudice, without further notice or hearing, for the claimant's failure to state a claim in his original complaint.

Dated in Milwaukee, Wisconsin this 16th day of June, 2026.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

Case 2:26-cv-00757-WED    Filed 06/16/26    Page 7 of 7    Document 4